IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                             No. 1:15-cr-1502-WJ

JOHSUA METTS,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REVIEW DETENTION ORDER

**THIS MATTER** is before the Court on Defendant's Emergency Motion to Review Detention Order [Doc. 192], filed May 3, 2020. Defendant is detained awaiting a revocation hearing on a petition for revocation of his supervised release. Defendant requests that the Court review the Magistrate Judge's Detention Order and release him pending his revocation hearing. For the reasons discussed in this Memorandum Opinion and Order, the Court finds pursuant to Fed. R. Crim. P. 31.2(a)(6) that Defendant has failed to show that he is not likely to flee or pose a danger to the safety of any other person or the community if released. Accordingly, the Court denies Defendant's motion and orders the he remain detained pending his revocation hearing.

### BACKGROUND

On October 12, 2016, Defendant was found guilty of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 121 (Presentence Investigation Report). On January 13, 2020, Defendant appeared before the Court on allegations that he violated conditions of his supervised release. Doc. 175 (Order Holding Petition in Abeyance and Modifying Conditions of Release) at 1. After hearing testimony from the Probation Officer and argument

from counsel, the Court found that Defendant violated his conditions of supervised release. *Id.* The Court considered all the relevant information on the matter and decided not to proceed to disposition and, instead, held the petition in abeyance for six months. *Id.* The Court explained that

> if the Defendant is compliant with his conditions of supervised release for the 6-month abeyance period, then the petition shall be dismissed. If the Defendant fails to comply with his conditions of supervised release during the abeyance period and the US Probation Office requests a warrant, then the Court shall proceed to disposition on the Petition to Revoke Supervised Release. Finally, if the Defendant remains compliant during the 6 month abeyance period resulting in a dismissal of the petition to revoke and the Defendant remains compliant with his condition of supervised release for another 6 month[s], then the Court intends to discharge Defendant from his term of supervised release thereby bringing an end to this case.

*Id.* at 2.

Three months later, on April 20, 2020, United States Probation filed an amended petition for revocation of Defendant's supervised release alleging that he violated two conditions:

> 1. You must follow the instructions of the probation officer related to the conditions of supervision.
>
> On April 8, 2020, the probation officer contacted the defendant and instructed him to report to The Evolution Group (TEG) to submit a drug test. The defendant stated he was not going to go, as he felt TEG was not a clean or safe place. The probation officer advised the defendant, TEG had taken all necessary precautions to ensure the safety of the clients during the Covid 19 pandemic.
>
> 2. You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, an alcohol monitoring technology program, and/or any form of prohibited substance screening or testing. You must not attempt to obstruct or tamper with the testing methods. You may be required to pay all, or a portion, of the costs of the testing.
>
> On April 17, 2020, the probation officer made contact with the defendant and questioned him about the drug test he was instructed to submit on April 8, 2020. The defendant reported he had not gone to TEG to submit the drug test, as he did not feel safe going in the building. He further stated going to counseling and submitting drug tests was not essential. The defendant admitted he had not called for his drug test for the past three weeks and had no intentions in doing so.

Doc. 178 (Amended Petition for Revocation of Supervised Release) at 2.

On April 22, 2020, the Court issued an arrest warrant for Defendant based on the supervised release violation petition. Doc. 182 (Arrest Warrant). Deputy United States Marshals arrested Defendant the next day. Doc. 187 (Executed Arrest Warrant). On April 28, 2020, Defendant appeared before Magistrate Judge John F. Robbenhaar for a preliminary hearing and detention hearing. Doc. 188 (Hearing Minute Sheet). Judge Robbenhaar found that probable cause existed and that Defendant failed to establish by "clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released." Doc. 189 (Order of Detention Pending Revocation Hearing). As a result, Judge Robbenhaar ordered that Defendant be detained. *Id.* On May 3, 2020, Defendant filed the subject motion [Doc. 192] requesting that the Court review Judge Robbenhaar's Detention Order [Doc. 189] and release him pending his revocation hearing. The United States filed a response [Doc. 193] opposing Defendant's request that same day.

## DISCUSSION

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The Court's review of the Magistrate Judge's Detention Order is de novo. *See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003); *see also United States v. Barlow*, 2009 WL 799655, at *1 (D. Utah Mar. 24, 2009) (explaining that the Court conducts a de novo review of the Magistrate Judge's Detention Order for a defendant on supervised release giving no deference to the Magistrate Judge's findings). As such, when reviewing the Detention Order, the Court is governed by the same standards as the Magistrate Judge.

Defendant's detention hearing was held pursuant to Fed. R. Crim. P. 31.2(a)(6) because he appeared on a petition for revocation of supervised release. Fed. R. Crim. P. 31.2(a)(6) states:

3

> The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person.

Judge Robbenhaar found that Defendant did not meet his burden and, therefore, ordered that he be detained pending his revocation hearing. For the reasons stated below, this Court does too.

The Court has reviewed the Amended Petition for Revocation of Supervised Release [Doc. 178], Amended Violation Report [Doc. 180], Detention Order [Doc. 189], Preliminary Hearing and Detention Hearing Transcript [Doc. 195], Defendant's Motion [Doc. 192], and the United States' Response [Doc. 193].[1] The Court finds that the record is sufficient to resolve this matter without a hearing. *See United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) ("A district court conducts a de novo review of a magistrate judge's detention order but there is no statutory requirement that the court hold a hearing. Rather, the court may hold a hearing, if it so chooses.") (citations omitted).

Defendant makes four cursory arguments as to why the Court should release him pending his revocation hearing, none of which establish pursuant to Fed. R. Crim. P. 31.2(a)(6) that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

First, Defendant explains that he did not report for his required drug test because he had concerns about being exposed to the Coronavirus (COVID-19) at the testing center. Doc. 192 at ¶¶ 7–9. However, Defendant's reason for not reporting for the drug test, regardless of its merit, is not relevant to establishing that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

Second, Defendant claims that his health concerns regarding being exposed to COVID-19

---

[1] Defendant did not file a reply. Defendant had until May 17, 2020 to do so. *See* D.N.M.LR-Cr. 47.8 ("A reply must be served within fourteen (14) days after service of the response.").

at the testing center do not make him a flight risk or a danger to the community. *Id.* ¶ 10. This argument would be persuasive if Defendant was making it to rebut an argument by the United States that Defendant is a flight risk or danger to the community because of his health concerns. However, the United States has not made that argument. Pursuant to Fed. R. Crim. P. 31.2(a)(6), Defendant has the burden to establish by clear and convincing evidence that he is not a flight risk or a danger to the community if released, and Defendant's health concerns regarding being exposed to COVID-19 at the testing center, even if legitimate, do not establish that.

Third, Defendant states that he will lose his job and apartment if he remains in custody. *Id.* ¶ 11. Although unfortunate, that assertion is not relevant to establishing that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released.

Fourth, Defendant assures the Court that he now understands that the drug testing center is taking precautions to operate safely and will submit to any test ordered by United States Probation. *Id.* ¶ 12. Defendant's assurance, however, is also not relevant to establishing that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

## CONCLUSION

The Court finds pursuant to Fed. R. Crim. P. 31.2(a)(6) that Defendant has failed to establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. Accordingly, Defendant's Emergency Motion to Review Detention Order [Doc. 192] is **DENIED**. Defendant shall remain detained pending his revocation hearing.

**IT IS SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE