IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                  No. 15-CR-1502 WJ

JOSHUA METTS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

THIS MATTER comes before the Court upon a Motion for Compassionate Release, **(Doc. 216)**, filed on October 1, 2020 by Defendant who is represented by counsel. *See* Doc. 211 (Order Granting Unopp. Mot. to App. Counsel). The motion is made pursuant to the First Step Act of December 21, 2018, 132 Stat. 5194, and 18 U.S.C. §3582(c)(1)(A)(i), and the CARES Act of March 27, 2020 for his compassionate release from custody. Having reviewed the parties' briefing and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is denied.

**BACKGROUND**

On June 29, 2020, during the current COVID-19 pandemic, this Court sentenced Defendant to nine months in jail for violating the terms of his supervised release from prison. Doc. 205. The supervised release term was imposed after his conviction at trial for possessing a firearm whilst a felon. Doc. 142 (judgment). Defendant is currently in the custody of the United States Marshals Service ("USMS").

**DISCUSSION**

A compassionate-release motion is a request for a permanent reduction in a defendant's federal sentence. "Generally, a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (10th Cir. 2012) (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). However, Congress has provided a limited exception to this general rule and allowed for certain "compassionate release" sentence modifications under 18 U.S.C. § 3582(c)(1)(A). To justify the type compassionate release that Defendant seeks, the Court must find that "extraordinary and compelling reasons warrant such a reduction." *Id.* That said, a district court may not consider a request for compassionate release unless and until the prisoner has exhausted all administrative remedies. *See* § 3582(c)(1); *see also United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020) (discussing administrative exhaustion as a jurisdictional requirement). As the movant, Defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Government argues that the motion should be denied on its merits, because Defendant has not met his burden to show an extraordinary compelling reason, nor that the asked-for reduction is warranted in light of the danger Defendant would pose to the community and the relevant § 3553(a) factors.

**I.    Whether Defendant Exhausted**

Before the First Step Act of 2018, Pub. Law 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) was enacted, only the Bureau of Prisons ("BOP") could seek compassionate release. As amended, § 3582(c)(1)(A)(i), now permits a defendant to directly request a district court for relief:

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of

>30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

18 U.S.C. § 3582(c)(1)(A). Defendant points out that since the time of his sentencing, he has been in the custody of the Cibola County Correctional Center (operated by CoreCivic), the Otero County Prison Facility (operated by the Management & Training Corporation), and most recently, the Nevada Southern Detention Center (also operated by CoreCivic). He has not been in the custody of the Bureau of Prisons (BOP) at any time since his sentencing, nor will he be. As a result, the Bureau of Prisons ("BOP") has no independent knowledge of Defendant's situation and therefore will not consider a request from him for compassionate release from BOP custody—since he is not in BOP custody. In light of this situation, the Government concedes that Defendant has no apparent ability to seek compassionate release from the BOP, and will assess that Defendant has effectively exhausted administrative remedies or in the alternative, shown that he is ineligible to avail himself of the process and as a result does not object to the Court proceeding to analyze this motion on its merits.

**II.    Whether Defendant Has Established Extraordinary and Compelling Reasons**

If the exhaustion requirement is met, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The Sentencing Commission's relevant policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that:

>(i) "extraordinary and compelling reasons warrant the reduction;"

(ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and

(iii) "the reduction is consistent with this policy statement."

USSG § 1B1.13. As the movant, Defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The "extraordinary and compelling reasons" standard may be met based on a defendant's medical condition, which in relevant part, can include the following categories:[1]

(1) a defendant who is "suffering from a terminal illness";

(2) a defendant who is suffering from a serious physical or medical condition;

(3) a defendant who is suffering from a serious functional or cognitive impairment; or

(4) a defendant who is experiencing deteriorating physical or mental health because of the aging process;

. . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. USSG § 1B1.13, cmt. n.1(A)(ii).

If a defendant's medical condition does not fall within one of the categories, the Court must deny his motion. Such is the case here.

Defendant states that he has been diagnosed with the following serious medical conditions, documented by his inmate medical records: Hepatitis C, and COVID-19. Docs. 216-1-4. He was tested for COVID-19 when he was very ill in early July while in custody at the Cibola County

---

[1] The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances which are not pertinent here. USSG § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1(D).

Correctional Center, and the results of that test were positive. Over two months later, he still had not fully recovered from the effects of that virus, and suffers from recurrent migraine headaches. Defendant is currently being housed in a pod at the Nevada Southern Detention Center in Pahrump, Nevada ("NSDC") where the entire pod is in quarantine after at least one inmate in the pod tested positive for COVID-19. He fears for his health and safety because social distancing is impossible where he is currently being held, and because he believes himself to be especially vulnerable given his underlying condition of hepatitis C, since researchers in Hong Kong have reported that it is possible to become re-infected with the novel coronavirus after recovering from an initial infection.[2]

As the Government notes, the only two health conditions Defendant claims he suffers from are Hepatitis C and COVID-19 itself, *see* Doc. 216, p. 2, and neither one is on the Center for Disease Control ("CDC") list of conditions putting people at increased risk for severe illness or death from COVID-19.[3] Further, the CDC list does not govern the standard for compassionate release under §3582. In his reply, Defendant includes several cases where courts have granted compassionate release finding that hepatitis B and C constituted medical conditions that increase the risk of severe illness from coronavirus warranting release, without necessarily clarifying whether the hepatitis is active, in remission or resolved. But even for defendants who are statutorily eligible, compassionate release is a "rare" and "extraordinary" remedy, within district courts' discretion to deny. *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020); *United States v. Mangarella*, No. 06-CR-151, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16,

---

[2] See, https://apnews.com/article/1c2f3655a236dd7b1f09d94500042d3c, (Scientists Say Hong Kong Man Got Coronavirus A Second Time, AP News, August 24, 2020).

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

2020); *accord United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019) ("most courts treat compassionate release 'due to medical conditions [a]s . . . a rare event.").

In his reply, Defendant points out the sentence reduction he seeks is minimal, since his projected release date from his current sentence is December 24, 2020. *See* Doc. 205 (Judgment on Rev. of Sup. Release). However, BOP policy statements regarding eligibility are binding on a court determining eligibility, and there is nothing in the medical records furnished by Defendant suggesting that his ability for self-care within the facility is substantially diminished because of his medical issues. *Dillon,* 560 U.S. at 817.

Defendant states that NSDC, the facility where he is currently housed is overcrowded and understaffed and that some staff members have tested positive, but the Court "cannot assume that the Bureau of Prisons will be unable to manage [any] outbreak or adequately treat [defendant] should it emerge at his correctional facility while he is still incarcerated." *United States v. Gileno*, No. 19-cr-161-VAB-1, 2020 WL 1307108 (D.Conn. Mar. 19, 2020) at *4 (denying compassionate-release motion in COVID-19-related case involving a defendant who raised specific health concerns).

The global COVID-19 pandemic is not a factor specific to defendant's case and, while his anxieties are certainly understandable, he offers no particular case-specific facts establishing his eligibility for compassionate release under the specific policy guidelines set forth under USSG § 1B1.13. Further, it is not clear that releasing Defendant would actually reduce his risk from COVID-19, to say nothing of the risk he would transmit it to others. Defendant's plan for release is to live with a friend in Menifee, California. Menifee is in Riverside County. The Government points out that the New York Times has reported Riverside County as having approximately 61,416 cases, up over two hundred from the previous 1,248 deaths so far, which appears to be a

far greater percentage of infection and death than at the CoreCivic facility at which Defendant is currently housed.[4]

The Court therefore finds that "extraordinary and compelling reasons" for compassionate release do not exist here.

### III.    Danger to the Community

In evaluating compassionate-release motions, courts must also follow both the statute and binding policy statements. *See* 28 U.S.C. § 994(t); USSG § 1B1.13. As mentioned above, the BOP policy statement requires a showing by a defendant that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A).

At Defendant's revocation hearing on June 29, 2020, the Court at that time considered the §3553(a) factors which include: the nature and circumstances of the offense and the history and characteristics of the defendant, the seriousness of the offense, promotion of respect for the law and to provide just punishment, affording adequate deterrence, protecting the public, considering pertinent policy statements, and avoiding unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(2), (5) and (6).  Doc. 204.  The court imposed a sentence of six months, with a credit of 94 days in custody. Doc. 205. The hearing occurred when the pandemic was well upon us and so this is not a case where the Court might reasonably be asked to reconsider the sentence in light of the new circumstances created in jails and prisons by COVID-19. Thus, the §3553 factors remain largely unchanged.

Defendant did not respond to the Government's discussion on community safety or to the §3553 factors, but it is not necessary here since Defendant's motion is denied based on his ineligibility for compassionate release under the "extraordinary and compelling" factors.

---

[4] *See* "California Covid Map and Case Count," http://www.nytimes.com/interactive/2020/us/california-coronavirus-cases.html

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Compassionate Release, **(Doc. 216)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE